**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LSC Liquidation, Inc., *et al.*[1] | Case No. 15-45784-mbm |
| Debtors. | Hon. Marci B. McIvor |
| _____/ | |
| The Official Committee of Unsecured Creditors of Lee Steel Corporation on behalf of Debtor Lee Steel Corporation, | |
| Plaintiff, | Adv. Proc. No. |
| v. | Hon. |
| XPO Logistics Freight, Inc. f/k/a Con-Way Freight Inc., a Delaware corporation, | |
| Defendant. | |
| _____/ | |

## **COMPLAINT**

The Official Committee of Unsecured Creditors ("Committee") of Lee

Steel Corporation, through counsel, Wolfson Bolton PLLC, on behalf of

---

[1] Debtors include LSC Liquidation, Inc., Case No. 15-45784-mbm; Taylor Industrial Properties, L.L.C., Case No. 15-45785-mbm, and 4L Ventures, LLC, Case No. 15-45788-mbm.

{00049006.DOCX } 1

Debtor Lee Steel Corporation, for its Complaint against XPO Logistics Freight, Inc. f/k/a Con-Way Freight Inc. ("Defendant"), alleges:

## JURISDICTION, VENUE, AND PARTIES

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F), (H), and (O).

3. This is an adversary proceeding under Fed. R. Bankr. P. 7001.

4. Venue is proper under 28 U.S.C. § 1409.

5. Debtors filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code") on April 13, 2015 ("Petition Date") in the United States Bankruptcy Court for the Eastern District of Michigan ("Bankruptcy Court").

6. The Committee was appointed by the Office of the United States Trustee on April 23, 2015. [Case No. 15-45784, Docket No. 69].

7. On October 6, 2015, the Bankruptcy Court entered the *Order Granting Joint Motion Of The Committee And The Debtors To Grant Standing To The Committee For Certain Claims For The Benefit Of The Debtors' Bankruptcy Estates* ("Derivative Standing Order"), which granted the Committee authority to bring Causes of Action (as defined in the

Derivative Standing Order) in the name of Debtors. [Case No. 15-45784, Docket No. 388].

8. Defendant is a Delaware corporation that conducts business in Michigan.

9. Before the Petition Date, Defendant did business with Debtor Lee Steel Corporation by providing transportation services to Debtor Lee Steel Corporation in connection with its business operations.

## COUNT I – PREFERENTIAL TRANSFERS – 11 U.S.C. §§ 547(b), 550(a), and 551

10. The Committee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

11. Within the 90-day period before the Petition Date, Debtor Lee Steel Corporation made or caused to be made the transfers identified on Exhibit A (collectively, "Transfers," and individually each a "Transfer") to Defendant from Debtor Lee Steel Corporation's bank account(s).

12. The Transfers were transfers of an interest in Debtor Lee Steel Corporation's property – namely, money from Debtor Lee Steel Corporation's bank account(s).

13. The Transfers were to or for the benefit of Defendant.

14. Defendant was a creditor of Debtor Lee Steel Corporation on the date(s) the Transfers were made.

15. The Transfers were made for or on account of antecedent debts owed by Debtor Lee Steel Corporation to Defendant before such Transfers were made.

16. The Transfers were payments for transportation services provided by Defendant to Debtor Lee Steel Corporation.

17. Under 11 U.S.C. § 547(f), Debtor Lee Steel Corporation is presumed to have been, and was in fact, insolvent at the time the Transfers were made as evidenced by, among other things, substantial secured and unsecured liabilities that, when combined with Debtor Lee Steel Corporation's other liabilities, exceeded the value of Debtor Lee Steel Corporation's assets at a fair valuation.

18. Due to the size of claims and shortfall in recoverable assets in Debtor Lee Steel Corporation's bankruptcy case, creditors will not be paid the full amount of their claims.

19. The Transfers enabled Defendant to receive more than Defendant would have received if (i) Debtor Lee Steel Corporation's case was a case under Chapter 7 of the Bankruptcy Code, (ii) the Transfers had

not been made, and (iii) Defendant received payment of such debt to the extent provided for by the provisions of the Bankruptcy Code.

20. Defendant was the initial transferee of the Transfers, or in the alternative, Defendant was either the entity for whose benefit the Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

21. The Transfers are avoidable under 11 U.S.C. § 547(b) and recoverable from Defendant under 11 U.S.C. § 550(a).

22. The Committee is entitled to a judgment under 11 U.S.C. §§ 547(b), 550(a), and 551 avoiding and recovering the Transfers, or the value thereof, for the benefit of Debtor Lee Steel Corporation's estate.

## **COUNT II – FRAUDULENT TRANSFERS – 11 U.S.C. §§ 548(a)(1)(B), 550, and 551**

23. The Committee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

24. Count II is pled in the alternative to Count I.

25. Within the 90-day period before the Petition Date, Debtor Lee Steel Corporation made or caused to be made the Transfers identified on Exhibit A to Defendant from Debtor Lee Steel Corporation's bank account(s).

26. The Transfers were transfers of an interest in Debtor Lee Steel Corporation's property – namely, money from Debtor Lee Steel Corporation's bank account(s).

27. The Transfers were to or for the benefit of Defendant.

28. Debtor Lee Steel Corporation received less than a reasonably equivalent value in exchange for each of the Transfers because, among other reasons, Debtor Lee Steel Corporation received no benefit in exchange for the Transfers or less than a reasonably equivalent value from Defendant.

29. At all times when the Transfers were made before the Petition Date, Debtor Lee Steel Corporation was insolvent as evidenced by, among other things, substantial secured and unsecured liabilities that, when combined with Debtor Lee Steel Corporation's other liabilities, exceeded the value of Debtor Lee Steel Corporation's assets at a fair valuation.

30. Debtor Lee Steel Corporation was insolvent on the dates that the Transfers occurred or became insolvent as a result of the Transfers.

31. Debtor Lee Steel Corporation was engaged in a business or transaction, or was about to engage in a business or transaction, for which Debtor Lee Steel Corporation's remaining property was an unreasonably small capital.

{00049006.DOCX }                                6

16-04044-mbm    Doc 1    Filed 01/14/16    Entered 01/14/16 16:11:39    Page 6 of 10

32. Debtor Lee Steel Corporation intended to incur, or believed that it would incur, debts beyond Debtor Lee Steel Corporation's ability to pay as such debts matured.

33. Defendant was the initial transferee of the Transfers, or in the alternative, Defendant was either the entity for whose benefit the Transfers were made or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

34. The Transfers constitute fraudulent transfers avoidable under 11 U.S.C. §§ 548(a)(1)(B) and recoverable from Defendant under 11 U.S.C. § 550(a).

35. The Committee is entitled to a judgment avoiding and recovering the Transfers under 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551, or the value thereof, from Defendant for the benefit of Debtor Lee Steel Corporation's estate.

## **COUNT III – CLAIM DISALLOWANCE – 11 U.S.C. § 502(d)**

36. The Committee incorporates by reference the allegations contained in the previous paragraphs of the Complaint.

37. The Transfers are avoidable under 11 U.S.C. §§ 547 and 548.

38. Defendant is the transferee of the Transfers.

39. The Transfers are recoverable under 11 U.S.C. § 550.

40. Defendant has not paid or surrendered the Transfers.

41. Any present or future claims of Defendant against Debtor Lee Steel Corporation's estate should be disallowed under 11 U.S.C. § 502(d).

WHEREFORE, the Committee respectfully requests that the Court enter judgment in favor of the Committee and against Defendant as follows:

(A) On Count I, under 11 U.S.C. §§ 547(b), 550(a), and 551, (i) avoiding the Transfers, (ii) directing that the Transfers be set aside, and (iii) recovering the Transfers, or the value thereof, from Defendant for the benefit of Debtor Lee Steel Corporation's estate;

(B) On Count II, under 11 U.S.C. §§ 548(a)(1)(B), 550(a), and 551, (i) avoiding the Transfers, (ii) directing that the Transfers be set aside, and (iii) recovering the Transfers, or the value thereof, from Defendant for the benefit of Debtor Lee Steel Corporation's estate;

(C) On Count III, under 11 U.S.C. § 502(d), disallowing any present or future claims Defendant may have against Debtor Lee Steel Corporation's estate;

(D) Awarding the Committee all applicable interest, attorneys' fees, costs, and disbursements from this action; and

(E) Granting the Committee such other relief as the Court deems just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: January 14, 2016
By: /s/ Anthony J. Kochis
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

## Exhibit A – Transfers

| Transferor | Transfer Date | Transfer Amount | Payment Form | Payment Identification |
|---|---|---|---|---|
| Lee Steel Corporation | 1/28/2015 | $3,660.00 | Check | 111445 |
| Lee Steel Corporation | 2/18/2015 | $2,370.00 | Check | 111642 |
| Lee Steel Corporation | 2/27/2015 | $3,570.00 | Check | 111716 |
| Lee Steel Corporation | 3/9/2015 | $1,200.00 | Check | 111795 |
| **Total = $10,800.00** | | | | |